IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| **LAKESHIA R. EDMOND,** *et al.*, | § § § | |
| Plaintiffs, | § § | |
| v. | § § | Civil Action No. 4:24-cv-00525-O-BP |
| **EECU,** *et al.*, | § § § | |
| Defendants. | § | |

### FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE

Before the Court are *pro se* Plaintiff Lakeshia Edmond's Complaint (improperly styled as "Petition") filed June 6, 2024 (ECF No. 1) and her amended Complaint (also improperly styled as "Petition") filed June 12, 2024. ECF No. 5. Her case was automatically referred to the undersigned pursuant to Special Order 3. ECF No. 3. After considering the pleadings and applicable legal authorities, the undersigned **RECOMMENDS** that United States District Judge Reed C. O'Connor **DENY** Ms. Edmond leave to file this suit, as her largely incoherent pleadings do not state a claim upon which relief can be granted. The undersigned further **RECOMMENDS** that Judge O'Connor impose a monetary sanction against Ms. Edmond in the amount of $250.

**I.  BACKGROUND**

Frequent pro se plaintiff Lakeisha Edmond ("Ms. Edmond") seeks leave to file another case in this Court with pleadings that are generally scattered and difficult to follow. For example, she writes:

> Wherefore without any further delays we award this Motion for Default Judgment under the International Russian Confederate Consulate of Russia, via Plaintiff, Prime Minister Vladimir Putin which includes the matter of Writ of Possession, Garnishment and Execution to be arranged for service by the JP1 Courts, without any

> JP1 judge's signature, and that a contact should be initiated within three to five business days as Plaintiff, LaKeshia Edmond is homeless and of mental illness.

ECF No. 1 at 2.

To the extent that the Court can comprehend her filings, she makes several general categories of allegations, none of which state a claim upon which relief may be granted. First, she appears to argue that she is entitled to default judgment in several other cases. She states that the defendants did not respond to her in a case with cause number "3-cv-23-521-0," and she also references filing for default judgment in "60-18-2642." ECF No. 1 at 1. However, filing a new lawsuit is not an appropriate method to seek default judgment in existing lawsuits. *See* Fed. R. Civ. P. 55.

Second, she also appears to explain that she is serving defendant EECU via the United States Postal Service. ECF No. 5 at 1. However, any actions Ms. Edmond is taking to serve EECU in this lawsuit are premature, since her *in forma pauperis* application is still pending. ECF No. 2. Furthermore, parties to a suit may not serve complaints themselves. Fed. R. Civ. P. 4(c)(2).

Her other claims are wide-ranging, are difficult to comprehend, and as explained below, are insufficient to state a claim upon which relief may be granted. She refers to one-dollar transactions (ECF No. 1 at 3), perjury by "Agent Derrick Edmond" (*id*. at 2), and extortion by "Marvin Sapp." ECF No. 5 at 2. She also includes a Fort Worth Police Department Summary Incident Report in her original Complaint. ECF No. 1 at 5.

## II.   LEGAL STANDARD

### A.   Rule 12(b)(6)

Federal Rule of Civil Procedure 12(b)(6) permits dismissal of complaints that fail to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). To state a viable claim for relief,

a complaint must include sufficient factual allegations "to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). In considering a Rule 12(b)(6) motion, courts must "take all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff ... and ask whether the pleadings contain 'enough facts to state a claim to relief that is plausible on its face.'" *Yumilicious Franchise, LLC v. Barrie*, 819 F.3d 170, 174 (5th Cir. 2016) (citing *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A statute of limitations may support dismissal under Rule 12(b)(6) when it is evident from the plaintiff's pleadings that the action is barred, and the pleadings fail to raise some basis for tolling or avoidance of the bar. *Jones v. ALCOA, Inc.*, 339 F.3d 359, 366 (5th Cir. 2003).

### B.     Pro Se Plaintiffs

A pro se plaintiff's pleadings are liberally construed. *Estelle v. Gamble*, 429 U.S. 97, 106, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976). A pro se complaint, "'however inartfully pleaded,' must be held to 'less stringent standards than formal pleadings drafted by lawyers....'" *Id.* (quoting *Haines v. Kerner*, 404 U.S. 519, 520, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972)). If the district court determines that a plaintiff has pleaded his or her best case, however, the court does not err in dismissing a pro se complaint with prejudice. *Jones v. Greninger*, 188 F.3d 322, 326–27 (5th Cir. 1999) (citing *Bazrowx v. Scott*, 136 F.3d 1053, 1054 (5th Cir. 1998); *Jacquez v. Procunier*, 801 F.2d 789, 792 (5th Cir. 1986)).

### III.   ANALYSIS

Ms. Edmond's filings contain sweeping and fanciful allegations, but they do not articulate a coherent legal claim capable of satisfying Rule 12(b)(6). *See* Fed. R. Civ. P. 12(b)(6). Because

she appears *pro se*, Ms. Edmond's pleadings are entitled to more lenient scrutiny than pleadings drafted by lawyers. *Estelle*, 429 U.S. at 106 (quoting *Haines*, 404 U.S. at 520). But no amount of liberal construction could manufacture a viable legal claim from Ms. Edmond's pleadings, which are "clearly baseless, a category encompassing allegations that are fanciful, fantastic, and delusional." *Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992) (internal citations and quotations omitted).

Accordingly, Judge O'Connor should deny Ms. Edmond leave to file her Complaint and Amended Complaint. *Cf. Carroll v. Fort James Corp.*, 470 F.3d 1171, 1173 (5th Cir. 2006) (holding that courts may dismiss actions for failure to state a claim *sua sponte,* so long as the procedure is fair). Additionally, Judge O'Connor should impose a monetary sanction against Ms. Edmond in the amount of $250, as he has previously warned her "that monetary sanctions may be imposed on her for future filing of vexatious litigation considered to be abusive and harassing in nature." *Putin v. Edmond*, No. 4:24-cv-00200-O-BP (N.D. Tex. March 5, 2024). The pending Complaint and Amended Complaint are clearly baseless and frivolous. The Court should not permit them to be filed, since filing these pleadings would allow Ms. Edmond to pursue her abusive and harassing claims against the defendants in this case.

## IV.   CONCLUSION

For the foregoing reasons, the undersigned **RECOMMENDS** that Judge O'Connor **DISMISS** this case, direct the Clerk of Court to administratively close the case, and sanction Ms. Edmond in the amount of $250.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with

a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2). To be specific, an objection must identify the particular finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc).

    **SIGNED** on June 25, 2024.

*[signature: Hal R. Ray, Jr.]*
Hal R. Ray, Jr.
UNITED STATES MAGISTRATE JUDGE